1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

7   JOE JARVIS,                          )
                                          )   No.  CV-11-321-RMP
8              Plaintiff,                  )
                                          )   ORDER GRANTING IN
9         v.                              )   PART AND DENYING IN
                                          )   PART THE PARTIES'
10  JOHN JANNEY, and CHELAN              )   STIPULATED MOTION FOR
    COUNTY P.U.D. NO. 1,                  )   PROTECTIVE ORDER
11                                        )
                Defendants.               )
12  JOHN SMITH,                          )
                                          )
13             Plaintiff,                 )
                                          )
14        v.                              )
                                          )
15  JOHN JANNEY, and CHELAN              )
    COUNTY P.U.D. NO. 1,                  )
16                                        )
                Defendants.               )
17

18        This matter comes before the Court on the parties' stipulated motion for a

19  protective order and proposed protective order, **ECF No. 32**.

20

ORDER - 1

1    A portion of the parties' stipulated protective order affects the treatment of

2    future court documents in this case.  ECF No. 32 at 8, 12.  There is a strong

3    presumption in favor of public access to court documents.  *Kamakana v. City and*

4    *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Therefore, a party

5    seeking to seal a judicial record "bears the burden of overcoming this strong

6    presumption by meeting the 'compelling reasons' standard."  *Kamakana*, 447

7    F.3d at 1178.  Specifically, "[t]he party must "articulate [ ] compelling reasons

8    supported by specific factual findings [ ... ] that outweigh the general history of

9    access and the public policies favoring disclosure, such as the public interest in

10   understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal

11   quotations omitted); *see also Pintos v. Pacific Creditors Assn.*, 605 F.3d 665,

12   678-79 (9th Cir. 2010) (a motion to seal documents that are part of the judicial

13   record is governed by the "compelling reasons" standard rather than the "good

14   cause" standard for "private materials unearthed during discovery" contemplated

15   by Fed. R. Civ. P. 26(c)).

16   However, the parties' motion states only that "discovery in this case will

17   likely seek disclosure of confidential financial information, personnel/employee

18   information, business information, or other information of a sensitive or private

19   nature," without any more specific justification as to why the purportedly

20   confidential information deserves to be sealed.

ORDER - 2

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' motion for a protective order, **ECF No. 32**, and enters a modified version of the parties' protective order as Appendix A to this order.

The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED this 20th day of December 2011.


                    _s/ Rosanna Malouf Peterson_
                    ROSANNA MALOUF PETERSON
                    Chief United States District Court Judge


## Appendix A: PROTECTIVE ORDER

Pursuant to FRCP 26(c), and according to the Stipulation of the parties, it is ORDERED as follows:

1.    Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including without limitation financial information, trade secrets, personnel and payroll information, business planning or strategy information, or other commercially sensitive or personally sensitive information of a non-public nature, may be designated as "CONFIDENTIAL," and so marked, by stamping each page of the document CONFIDENTIAL.  If the document is more than twenty five (25) pages in length, stamping the front page CONFIDENTIAL shall

be sufficient to cover the entire document under this Protective Order.  In the event that a party inadvertently fails to stamp or otherwise designate a document as CONFIDENTIAL at the time of its production, that party shall have twenty (20) business days after discovery of such error to so stamp or otherwise designate the document.  The parties shall act in good faith and on a reasonable basis when designating non-public documents in the following categories CONFIDENTIAL:

        (a)     Personnel files of employees;

        (b)     Payroll information;

        (c)     Salary information;

        (d)     Salary surveys;

        (e)     Salary guidelines and pay-grade levels;

        (f)     Social Security numbers;

        (g)     Information obtained from and regarding Public Utility District No. 1 of Chelan County, Washington ("P.U.D. No. 1") customers/clients, including but not limited to financial and other information disclosed to P.U.D. No. 1 for purposes of obtaining its products and services;

        (h)     Financial information of the parties not subject to public disclosure;

(i)      Any other information not in the public domain and that is reasonably and in good faith believed by the producing party to contain trade secret, proprietary, or highly-sensitive business information;

(j)      Medical records and healthcare information.

2.      Documents falling within the scope of Paragraph 1 that the producing party in good faith reasonably believes contain particularly sensitive confidential material warranting further restrictive disclosure may be designated "ATTORNEYS' EYES ONLY."  Such documents may include but are not limited to non-public personal financial information and non-public commercially sensitive competitive information.  Publicly available documents may not be designated ATTORNEYS' EYES ONLY.  Procedures identified in Paragraph 1 regarding designation of CONFIDENTIAL documents applies with equal force to documents designated ATTORNEYS' EYES ONLY.

3.      When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to FRCP 33 or 34, subpoena, public records request under Washington State law, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

ORDER - 5

1    4.    The parties contemplate that certain information falling into the

2    categories set forth above may be produced electronically, and that the electronic

3    media (e.g., CD-ROM) will be stamped with a CONFIDENTIAL or

4    ATTORNEYS' EYES ONLY designation, while the electronic version of

5    documents themselves may not.  For ease of production, any electronic records

6    which are so produced shall be treated as bearing the designation stamped on the

7    source electronic media, and documents printed from such electronic records

8    shall be automatically accorded corresponding protective status pursuant to this

9    Order.

10    5.    All documents designated CONFIDENTIAL or ATTORNEYS'

11    EYES ONLY, and all information contained therein, shall be used by the

12    party(ies) to whom the documents are disclosed solely for the prosecution and/or

13    defense of this action, and shall not be further disseminated, except as

14    specifically set forth below.

15    6.    Except with prior written consent of the party asserting confidential

16    treatment, documents designated CONFIDENTIAL and the information

17    contained therein may be disclosed only to the following persons:

18        (a)    Counsel for the party(ies) to whom the confidential disclosure

19    has or is to be made, and secretaries, paralegal assistants, and other employees of

20    such counsel who are assisting counsel in the prosecution or defense of this

1    action.  Counsel shall be responsible for ensuring that his or her associates and

2    employees are informed of the terms of this Order and agree to abide by them;

3            (b)    The parties to this litigation, provided they are informed of the

4    terms of this Order and agree to abide by them;

5            (c)    Outside consultants and experts retained by any party for the

6    purpose of assisting in the prosecution or defense of this action, but only after the

7    consultant or expert has read this Order and agrees in writing to be bound by it,

8    as set forth in Exhibit A.  Upon Order of this Court, for good cause shown, these

9    agreements shall be available for inspection by counsel for the party producing

10   the confidential documents;

11           (d)    Deposition witnesses during their depositions, or trial

12   witnesses at trial, when necessary for, or otherwise relevant or helpful to, such

13   witness's testimony, provided that confidential documents and the information

14   contained therein may be disclosed to non-party deposition or trial witnesses only

15   after the witness has read this Order and agrees in writing to be bound by it, as set

16   forth in Exhibit A.  Upon Order of this Court, for good cause shown, these

17   agreements shall be available for inspection by counsel for the party producing

18   the confidential documents;

19

20

ORDER - 7

(e)      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

(f)      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(g)      Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, provided that confidential documents and the information contained therein may be disclosed to such individuals only after they have read this Order and agree in writing to be bound by it, as set forth in Exhibit A.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents; and

(h)      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court).

ORDER - 8

7.     Except with prior written consent of the party asserting confidential treatment, documents designated ATTORNEYS' EYES ONLY and the information contained therein may be disclosed only to the following persons:

(a)     Counsel for the party(ies) to whom the disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action. Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

(b)     Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents;

(c)     With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document;

(d)     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting

ORDER - 9

services, not including mock jurors, who have signed the form attached hereto as

Exhibit A.  Upon Order of this Court, for good cause shown, these agreements

shall be available for inspection by counsel for the party producing the

confidential documents;

(e)    Independent stenographic reporters and videographers

retained to record and transcribe testimony in connection with this action,

provided that confidential documents and the information contained therein may

be disclosed to such individuals only after they have read this Order and agree in

writing to be bound by it, as set forth in Exhibit A.  Upon Order of this Court, for

good cause shown, these agreements shall be available for inspection by counsel

for the party producing the confidential documents; and

(f)    The Court, its personnel and stenographic reporters (under

seal or with other suitable precautions determined by the Court).

8.    The recipient of any document designated CONFIDENTIAL or

ATTORNEYS' EYES ONLY that is provided under this Order shall maintain

such records in a secure and safe area and shall exercise a professional standard

of due and proper care with respect to storage, custody, use and/or dissemination

of such records, which standard shall not be less than as is exercised by the

recipient with respect to its own proprietary information.

ORDER - 10

9.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Failure to challenge the propriety of any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall not constitute an admission as to the propriety of that designation. In the event that any party decides to challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at any stage of these proceedings, such party shall provide to the producing party written notice of its challenge to the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court pursuant to applicable court rules and other authority. The burden of proving that records have been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be on the party making such designation.

10.      Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY material hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11.      Subject to the Rules of Evidence, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be offered in evidence in filings

with the Court, at trial, or at any court hearing.  However, the parties will not file

such information with the Court or otherwise use such information in open Court

unless it is reasonably necessary to do so.  Any party seeking to file or use

documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY

may only file such documents contemporaneously with a motion to seal such

documents pursuant to applicable court rules and other authority.  Any party may

move the Court for an order that such evidence be received in camera or under

other conditions to restrict disclosure.  A party intending to use or file a

document that arguably contains CONFIDENTIAL or ATTORNEYS' EYES

ONLY information shall provide seven (7) business days' notice to the other

party.  This seven (7) business days' notice requirement does not apply to

summary judgment motions or any papers filed in support of or opposition to a

summary judgment motion.

   12. The use of documents designated CONFIDENTIAL or

ATTORNEYS' EYES ONLY, and information derived therefrom, during the

course of the trial of this action shall be governed by further Order of this Court

and must meet the compelling reasons standard set out in *Kamakana v. City and*

*County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), and other Ninth Circuit

jurisprudence.  Except as to the use at trial of CONFIDENTIAL or

ATTORNEYS' EYES ONLY documents and information derived therefrom, this

Order shall remain effective until such time as it is superseded by stipulation of the parties or Order of this Court.

13.     At the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and all copies of such documents (other than exhibits of record), shall, at the direction of the producing party, within sixty (60) days be (i) returned to the producing party and retained thereby for a period of three years from the date the documents were returned, or (ii) destroyed, with the party destroying the documents providing a certificate of destruction to the producing party.

14.     In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY document is used in any hearings or court proceedings, it shall not lose its CONFIDENTIAL or ATTORNEYS' EYES ONLY status as between the parties in this matter outside of litigation through such use.  However, any document filed on the record in this matter is public unless it is found by the Court to meet the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1178-79.

15.     Nothing in this Order shall prevent any party to this action from moving the Court to remove a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation from a particular document, from seeking modification of this Order or other or further protection or relief, or form objecting to discovery which it believes to be otherwise improper.

<u>EXHIBIT A</u>

**AGREEMENT OF EXPERT, CONSULTANT,**
**NON-PARTY DEPOSITION OR TRIAL WITNESS,**
**OR DESIGNATED REPRESENTATIVE**
**TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ (print or

type name), an expert, consultant, non-party deposition or trial witness, or

designated representative of _____ (print

or type name of party or law firm), in connection with <u>Jarvis v. Janney and</u>

<u>Chelan County P.U.D. No. 1</u> and <u>Smith v. Janney and Chelan County P.U.D.</u>

<u>No. 1</u>, hereby acknowledges that he or she has received a copy of the

Protective Order entered in these actions, which is attached hereto as Exhibit

A, and has read and agreed to be bound by all of the provisions thereof.

DATED: _____    _____
                                                                    Signature

ORDER - 14